# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON KOKINDA, | ) |
| Plaintiff, | ) Civil Action No. 2:16-cv-0005 |
| v. | ) United State District Judge |
| | ) Mark R. Hornak |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS; RHONDA HOUSE; SHELLY A. MANKEY; JOHN DOE #1; and JOHN DOE #2, | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Jason Kokinda, a former prisoner, initiated this *pro se* civil rights action by filing a motion for leave to proceed *in forma pauperis* on January 4, 2016. After resolution of motions to dismiss, the following claims[1] remain in this case: a First Amendment retaliation claim and an Eighth Amendment claim arising from Plaintiff's allegations that during his confinement at SCI-Fayette he was subjected to a single, retaliatory cell search after submitting a request slip to a prison official.

Presently pending is a Motion to Compel (ECF No. 65), to which the Defendants have responded (ECF No. 67). Plaintiff has also filed a reply and supplement (ECF No. 68, 70, 71, 72). Plaintiff claims defendants have provided insufficient and evasive discovery responses and is deserving of sanctions. For the following reasons, the motion is granted in part and denied in part.

---

[1] The operative pleading is the First Amended Complaint. (ECF No. 29).

1

## I. Procedural History

On October 6, 2017, the Court entered a Case Management Order which, inter alia, ordered that:

> no later than **November 6, 2017,** to the extent not otherwise provided, Defendants shall provide Plaintiff with the following:
>
> (1) all incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports, appeals, or other similar documents in its possession concerning the alleged incident or incidents, and
>
> (2) all records concerning the alleged incident or incidents.
>
> Defendants are ordered to file a notice with this Court stating that this Order has been complied with on or before **November 6, 2017**.

(ECF No. 49 at 1). We further ordered that Plaintiff may not submit requests for discovery directly to the Defendants without leave of Court. (ECF No. 49 at 1-2).

On October 24, 2017, Defendants filed said notice, certifying that all relevant documents were provided to Plaintiff via U.S. Mail on October 24, 2017. (ECF No. 54). Thereafter, the Plaintiff's filed a Motion for Discovery (ECF No. 61), and Defendants indicated in their Response that "Defendants do not object to Plaintiff's Motion but reserve the right to object to any objectionable request contained within it." (ECF No. 60). The Court then granted the Motion for Discovery. (ECF No. 61). Our Amended Case Management Order dated November 29, 2017 extended the discovery deadline to February 2, 2018 and ordered that motions for summary judgment be filed by February 23, 2018. (ECF No. 64). Defendants filed their motion for summary judgment on February 22, 2018. (ECF No. 73).

In his Motion to Compel Plaintiff states the Defendants "failed to answer plaintiff's discovery requests and file legitimate objections to the remaining discovery requests," and seeks sanctions as a result. (Doc. 65).

## II. Legal Standard

Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions. The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b) (1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) **Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ.P. 26(b)(1).

This scope formerly included matters that were "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended no longer includes this language. A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." See Fed. R. Evid. 401.

It has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.,* 506 F.2d 781, 788 (3d Cir.1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 90 (3d Cir.1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir.1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.,* 203 F.R.D. 195, 196 (E.D. Pa. 2001). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr*., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp*., 677 F.2d 985, 991-92 (3d Cir. 1982).

While this Court grants *pro se* plaintiffs leniency when considering their filings, such plaintiffs are nevertheless expected to "'follow the rules of procedure and the substantive law.'" *Perkins v. Delaware DHSS/DSSC,* Civ. Action No. 12–50–SLR–CJB, 2012 WL 4482801, at *6 (D. Del. Sept. 27, 2012) (quoting *Thompson v. Target Stores,* 501 F.Supp.2d 601, 603 (D. Del. 2007)).

In addition to these guiding principles, it is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. *See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc.*., No. 08–5904, 2010 WL 5186088 (E.D. Pa. Dec.21, 2010); *Knauss v. Shannon*, No. 08–1698, 2009 WL 975251 (M.D. Pa. April 9, 2009)

### III. Discussion

#### A. Discovery Requests Propounded on Defendants Mankey and House

With these legal guideposts in mind, we turn to consideration of Plaintiff's motion. Plaintiff's motion, apparently based on Plaintiff's obvious dissatisfaction with the existence of evidence to support his underlying claims, is denied on the basis that it lacks merit, as well as being frivolous and spurious.

The Motion to Compel concerns: 1) two separate Requests for Admission propounded as to Defendant Shelly A. Mankey (a Unit Manager at SCI-Fayette to whom Kokinda alleges he gave a request slip) and Defendant Rhonda House (an assistant to the prison Superintendent); 2) two separate sets of Interrogatories as to these same two defendants; and 3) a Request for Production of Documents. (ECF No. 65-3). The Court has reviewed the Defendants' Objections to the Requests for Admissions, Interrogatories and Request for Production as well as positions of the parties.

Initially we will address Plaintiff's argument that Defendants should have objected to his discovery requests before we granted his Motion to Serve Discovery, and on that basis, Plaintiff requests a ruling that all of the objections have been waived. To the contrary, it was acceptable for Defendants to object to the discovery after they were served with such. Objections to discovery cannot be propounded before the discovery is served, and Defendants reserved the right to so object when they filed their Response to Plaintiff's Motion to Serve Discovery. Nothing was waived and therefore will not be deemed admitted.

Next, the court sustains each of Defendants' objections. It is understandably vexing to a pro se litigant that in their responses, Defendants often base their objections on the grounds that the requests are overly broad, unduly burdensome, and irrelevant. However, that does not negate

the fact that Defendants herein have in large part further clarified and supplemented their responses after stating these objections. Defendants have either answered the requests, explained that they had no personal knowledge of the information sought, and explained that they are not required to provide answers to requests seeking legal conclusions. If they have not answered the request, we find that they have otherwise appropriately objected to the discovery sought.

Specifically, we note that Defendants have correctly objected to Interrogatories posed to these two lay defendants in which Plaintiff asks them to set forth facts relied on to support various defenses or legal standards, such as deliberate indifference or qualified immunity. See, e.g., Defendant House's Response to Request for Admission Nos. 3, 4, and 5 (ECF No. 65-3 at 20-21.) It was appropriate to object to providing Plaintiff with information, including phone numbers and addresses of other prisoners, on the grounds of confidentiality. It was appropriate to object to Plaintiff's request for internal reports concerning why the entire prison was in a three day lock down on the basis of confidentiality and relevance.

In addition, we note that Plaintiff has asked in his Request for Production #1 video footage of the search of the cellblock on the day of the incident. Defendant objected to the request on the grounds that the routine video is only kept until memory is exhausted and then they are recorded over. Defendants further argue this point in their Brief in Opposition (ECF No 67). Under Fed. R. Civ, P. 11(b)(3), in so making this representation to the Court, counsel is certifying that to the best of his knowledge, information, and belief, the factual contention has evidentiary support. The videotapes do not exist, and counsel has certified that it has provided all discovery materials relevant to Plaintiff's claims. When discovery requests seek material that does not exist, there is nothing to compel. Furthermore, Defendants' brief also notes that the

videotape evidence is not relevant because it would not have recorded what happened inside the cell. Even if such videotapes existed of cell activity for the day of the incident (the alleged retaliatory "shakedown" of Plaintiff's cell including scattering of Plaintiff's legal documents and damage to his typewriter, keyboard and television), it would not have been visible from the particular camera in place at the time. Finally, there is no evidence of spoliation beyond Plaintiff's own speculation. Plaintiff filed this lawsuit in January 2016, months after his release from prison (alleged to have been November 1, 2015. We will decline to impose monetary sanctions on Defendants or their counsel as there are no grounds for such remedy.

### B. Discovery as to now-identified John Doe #1 and #2

We note that in her answer to Interrogatory No. 2, Defendant House identifies the names of the "search team #13" (those who searched Plaintiff's cell, alleged in the Complaint as John Doe #1 and 2) as Correction Officers Alan Wheatley and Donald Koffler, address at SCI-Fayette. As far as we can discern, this is the first time that Plaintiff was informed of the identities of these individuals. Accordingly, the Court will *sua sponte* substitute these parties in the caption of the case.

These discovery responses were provided to Plaintiff on January 18, 2018 via U.S. Mail; as noted *supra*, discovery ended February 2, 2018. Plaintiff complains that Defendants have inappropriately failed to have these CO's answer the requests, despite having named them in the response. (ECF No. 71 at 2). Defendants have moved for summary judgment on February 22, 2018 (ECF No. 73). In their brief they argue that "neither Defendant had anything to do with these searches," (ECF No. 74 at 1), an apparent reference to Mankey and House, but not Correction Officers Alan Wheatley and Donald Koffler. Plaintiff has not been afforded an opportunity to propound discovery on these individuals, which may shed light on his First

7

Amendment and Eighth Amendment claims. Accordingly, the Motion to Compel is granted in part as to Plaintiff's need to propound discovery as to these newly-named Defendants. Discovery will be extended by 30 days, limited to COs Wheatley and Koffler. The briefing schedule for the motions for summary judgment will adjusted accordingly and Defendants will be provided an opportunity to supplement their motion and concomitant filings.

This Court notes that while Plaintiff is a pro se litigant, he is not unfamiliar with the Federal Rules of Civil Procedure, or the legal process. He currently has multiple cases pending in this Court and has filed and actively litigated numerous federal and state court actions. The Court admonishes Plaintiff of its dissatisfaction with Plaintiff's repeated filing of motions containing allegations intended to mislead this Court and malicious ad hominem attacks on the integrity of the Court, Defendants and their counsel. *Bracey v. Harlow*, No. CIV.A. 11-04 E, 2013 WL 153312, at *1 (W.D. Pa. Jan. 15, 2013). For example, he states that Defendants' attorney has exercised "vindictive" conduct (ECF No. 71 at 1, 8) and accuses them of "stonewalling evidence." (ECF No. 71 at 2). He further argues that this is a "David versus Goliath battle" waged "[w]hile the Defendants continue to collect fat govt. paychecks, and expend unlimited amounts of money to attack him in the Court with skullduggery filings, and retaliate against him in the real world in interstate conspiracies." (ECF No. 71 at 7).

Plaintiff is advised that any such subsequent filings in this Court, with regard to any case pending before it, containing such improper attacks and misleading allegations may be subject to the harshest of sanctions, including possible dismissal of his action. *In re: Prudential Ins. Co. America Sales Practice Litig. Agent Actions,* 278 F.3d 175, 189 (3d Cir.2002) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)) (Rule 11 of the Federal Rules of Civil Procedure allows sanctions to be imposed against a party

through the Court's inherent power and its own initiative. Circumstances that may justify sanctions pursuant to a court's inherent power include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...."); *and see, Rivera v. Pennsylvania Dept. of Corr.,* C.A. No. 09–1604, 2010 WL 4318584 (W.D. Pa. Oct.26, 2010) (deliberate attempts to mislead this Court exposes prisoner plaintiff to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to pro se litigants as well as to attorneys).

AND NOW, to-wit, this 23rd day of February, 2018, it is hereby ORDERED, ADJUDGED and DECEED that Plaintiff's Motion to Compel is GRANTED IN PART to the extent Plaintiff seeks additional discovery as to Defendants Wheatley and Koffler, and DENIED in all other respects.

IT IS FURTHER ORDERED THAT:

1. Discovery in this case is hereby EXTENDED to **March 26, 2018**;

2. Defendant shall file a Supplemental Motion for Summary Judgment as to Defendants Wheatley and Koffler on or before **April 27, 2018**;

3. Plaintiff may file a Motion for Summary Judgment on or before **April 27, 2018**;

4. Responses to Motions for Summary Judgment are due **May 25, 2018**; and

5. Reply Briefs shall be filed on or before **June 8, 2018**.

Dated: February 23, 2018                         s/ Cynthia Reed Eddy
                                                                                                                Cynthia Reed Eddy
                                                                                                                         United States Magistrate Judge

cc:      all registered users of CM-ECF